[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12046
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cr-00087-PGB-LRH-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK M. DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 2, 2020)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Derrick Davis appeals his 175-month sentence.  This sentence was imposed as a result of his conviction for two counts of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951, and one count of Hobbs Act robbery, in violation of § 1951, related to the armed robbery of multiple gas stations.  Davis planned the robberies, provided the firearms, and drove the getaway car.  Davis's co-defendants, Antonio Mobley and Travis Hall, used the same handgun, ammunition, and vehicle during each of the robberies.  Davis argues that the district court clearly erred in sentencing him to a longer prison term based on Mobley's and Hall's use of firearms.  Davis says their brandishing or possessing the handgun did not relate to his conduct under United States Sentencing Guidelines § 1B1.3(a)(1)(B).  Further, Davis argues that the district court abused its discretion by not granting him a downward variance due to his minor role in the crimes.  After careful review, we affirm.

## I.

Davis first claims the district court erred by applying two six-level enhancements and one five-level enhancement in calculating his sentence.  He argues that he is not responsible for the acts of his co-defendants, and the only evidence to support that he knew of the handgun was based on Hall's and Mobley's testimony.  Davis implies the district court should not have believed the

2

testimony of Hall and Mobley over the evidence he submitted showing he did not know about or agree to use firearms during the offense.

We review the district court's factual findings for clear error.  United States v. Castaneda-Pozo, 877 F.3d 1249, 1251 (11th Cir. 2017) (per curiam).  We review de novo the district court's application of those facts to justify a sentencing enhancement.  Id.  Section 2B3.1 of the Sentencing Guidelines calls for longer sentences based on specific offense characteristics, including a six-level enhancement "if a firearm was otherwise used" and a five-level enhancement "if a firearm was brandished or possessed."  USSG § 2B3.1(b)(2)(B), (C).  Sentencing enhancements may be applied for all relevant conduct attributable to a defendant.  See USSG § 1B1.3(a)(1)(B); see also Castaneda-Pozo, 877 F.3d at 1251 ("In determining the base offense level under the Guidelines, courts must consider all of a defendant's relevant conduct.").  Relevant conduct includes all "acts and omissions taken by a defendant 'in concert with others' that were in furtherance of the jointly undertaken criminal activity and that were reasonably foreseeable to the defendant."  United States v. Maddox, 803 F.3d 1215, 1221 (11th Cir. 2015) (per curiam) (quoting USSG § 1B1.3(a)(1)(B)).

The government is required to prove a defendant has engaged in relevant conduct by a preponderance of the evidence.  Id.  In determining whether the government has met its burden, the district court has discretion to make credibility

3

determinations to resolve conflicting witness testimony.  See Castaneda-Pozo, 877 F.3d at 1252.  "Where evidence gives rise to two reasonable and different constructions . . . the fact finder's choice between the two constructions cannot be clearly erroneous."  United States v. Barsoum, 763 F.3d 1321, 1333 (11th Cir. 2014).  The district court's choice of who to believe is "conclusive on the appellate court" unless the testimony is "exceedingly improbable," that is, "contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it."  United States v. Shabazz, 887 F.3d 1204, 1215 (11th Cir. 2018) (quotation marks omitted).

Here, the district court weighed the evidence, considered the inconsistencies in each co-defendant's testimony, and found Hall and Mobley to be credible.  The district court found Hall's testimony—that Davis brought a handgun with him into the getaway vehicle, which Davis then gave to Hall to use during the robbery—to be corroborated by the victim of that crime.  Hall and Mobley also testified that Davis handed Mobley the handgun used to commit the second robbery.  According to Davis, however, Mobley took the gun (which Davis admitted to owning) while in Davis's vehicle without Davis seeing.  But the district court found this version of events "defies logic" and concluded that, "[o]n balance, the testimony of Hall and Mobley is credible . . . [and] sufficient by a preponderance of the evidence to support the enhancements."  This was a reasonable determination of the facts and

4

the district court did not clearly err in applying the sentencing enhancements. Barsoum, 763 F.3d at 1333.

## II.

Davis also argues that the district court erred by failing to grant a downward variance due to his minor role in the crimes and his lack of knowledge that his co-defendants planned to use a firearm during the crimes. He does not dispute the district court's calculation of his guideline range or raise any other challenges.

We review for clear error a district court's factual determination of a defendant's role in the offense. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). District courts have the discretion to reduce a defendant's sentence when his "role in the offense can be described as minimal, minor, or somewhere in between." Id. at 939. The determination of any mitigating role "is heavily dependent upon the facts of the particular case." Id. at 938 (quotation marks omitted). The district court measures the relevant conduct attributed to the defendant against the conduct of other participants to determine their roles in the offense. Id. at 945.

The district court's decision to deny Davis a downward variance was not clearly erroneous. The district court did recognize Davis was "not the person . . . with the gun." But "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the

5

offense." Rodriguez De Varon, 175 F.3d at 944. The district court apparently adopted this view here. It denied the downward variance because of the "high risk" factors involved any time a robbery occurs and the specific harm to the victims in these robberies. The record supports this finding. Davis planned the robberies and was responsible for selling the stolen merchandise. He obtained and admitted ownership of the handgun used in the robberies. And that same gun was used during the robberies, in which one victim was injured and one victim was restrained. Because the district court's measurement of Davis's conduct compared to Hall and Mobley's conduct is supported by the record, we will not disturb Davis's sentence. See Rodriguez De Varon, 175 F.3d at 945 ("So long as the basis of the trial court's decision is supported by the record . . . it will be rare for an appellate court to conclude that . . . determination is clearly erroneous.").

**AFFIRMED.**